KOH
JAR/PDK: USAO 2022R00615

USDC- GREENBELT
'23 FEB 15 PM 3:32

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * CRIMINAL NO. 23-cr-00058-TDC |
| **BOIE HAFIJU BARRY,** | * (Felon in Possession of Ammunition, 18 U.S.C. § 922(g)(1); Possession of a Machinegun, 18 U.S.C. § 922(o); Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| **Defendant** | |

*******

## INDICTMENT

### COUNT ONE
(Felon in Possession of Ammunition)

The Grand Jury for the District of Maryland charges that:

On or about September 21, 2022, in the District of Maryland, the defendant,

**BOIE HAFIJU BARRY,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition—that is, approximately 11 rounds of Federal 9mm caliber ammunition and approximately 22 rounds of Starline 9mm caliber ammunition—and the ammunition was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT TWO
**(Possession of a Machinegun)**

The Grand Jury for the District of Maryland further charges that:

On or about September 21, 2021, in the District of Maryland, the defendant,

**BOIE HAFIJU BARRY,**

knowingly possessed a machinegun, as defined by 18 U.S.C. § 921(a)(23) and 26 U.S.C. § 5845(b), that is, a 9mm privately manufactured firearm with a full-automatic switch installed.

18 U.S.C. § 922(o)

## COUNT THREE
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about September 21, 2022, in the District of Maryland, the defendant,

**BOIE HAFIJU BARRY,**

knowingly possessed with the intent to distribute: (i) a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; (ii) a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance; (iii) a mixture and substance containing a detectable amount of the fentanyl analogue, para-fluorofentanyl, a Schedule I controlled substance; cocaine, a Schedule II controlled substance; and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance; (iv) a mixture and substance containing a detectable amount of the fentanyl analogue, para-fluorofentanyl, a Schedule I controlled substance; cocaine, a Schedule II controlled substance; fentanyl, a Schedule II controlled substance; and methamphetamine, a Schedule II controlled substance; (v) a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance; (vi) a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; cocaine, a Schedule II controlled substance; and fentanyl, a Schedule II controlled substance; and (vii) a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance.

21 U.S.C. §§ 841(a)(1), (b)(1)(C)

## COUNT FOUR
**(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

On or about September 21, 2022, in the District of Maryland, the defendant,

**BOIE HAFIJU BARRY,**

knowingly possessed a firearm—that is, a 9mm privately manufactured firearm—in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, as charged in Count Three of this Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)(i)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One through Four of this Indictment.

### Firearm and Ammunition Forfeiture

2. Upon conviction of the offense set forth in Counts One, Two, and Four, the defendant,

**BOIE HAFIJU BARRY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

### Narcotics Forfeiture

3. Upon conviction of the offense set forth in Count Three of this Indictment, the defendant,

**BOIE HAFIJU BARRY,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and (b) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

5

    a.    A 9mm privately manufactured firearm bearing no serial number, equipped with a laser, a full-automatic switch, and a magazine seized from the defendant on or about September 21, 2022;

    b.    approximately 11 rounds of Federal 9mm caliber ammunition contained therein;

    c.    approximately 22 rounds of Starline 9mm caliber ammunition contained therein; and

    d.    approximately $1,565.76 in U.S. currency seized from the defendant on or about September 21, 2022.

### Substitute Assets

5. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

_____ / JTR
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
_____
Foreperson

Date: February 15, 2023